# UNITED STATES DISTRICT COURT
### Eastern District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>KELWIN DWAYNE EDWARDS<br><br>**Date of Original Judgment:** 1/30/2020<br>*(Or Date of Last Amended Judgment)* | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 17CR20716<br>USM Number: 56124-039<br>Daniel Dena, Esquire<br>Defendant's Attorney |

**THE DEFENDANT:**
- ☑ pleaded guilty to count(s) **2 of the Superseding Indictment**
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. § 841 | Possession of a Controlled Substance with Intent to Distribute | 7/31/2017 | 2s |

The defendant is sentenced as provided in pages 2 through **5** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☑ Count(s) **Indmt and Cts 1, 3-4 of SSI** ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/17/2020
Date of Imposition of Judgment

s/David M. Lawson
Signature of Judge

David M. Lawson, U.S. District Judge
Name and Title of Judge

8/18/20920
Date

AO 245C (Rev. 09/19) - Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment
Case 2:17-cr-20716-DML-DRG   ECF No. 199, PageID.1536   Filed 08/18/20   Page 2 of 5
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 2 of 5

DEFENDANT: KELWIN DWAYNE EDWARDS
CASE NUMBER: 17CR20716

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

Time served. The Court waives the imposition of a fine, the costs of incarceration, and the costs of supervision due to defendant's lack of financial resources.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: KELWIN DWAYNE EDWARDS
CASE NUMBER: 17CR20716

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : 36 months.

The defendant must serve a "special term" of supervised release of 14 months (in addition to the supervised release term previously ordered of 36 months). During that special term, the defendant must confine himself to his place of residence, except for work, medical appointments, religious services, and purchasing necessities. The defendant will be subject to GPS location monitoring for the first 360 consecutive days of his home confinement. However, if the defendant is in full compliance with his conditions of supervised release, the probation officer, after 180 days, may discontinue GPS location monitoring.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: KELWIN DWAYNE EDWARDS
CASE NUMBER: 17CR20716

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: KELWIN DWAYNE EDWARDS
CASE NUMBER: 17CR20716

# SPECIAL CONDITIONS OF SUPERVISION

☑ The defendant shall participate in the home confinement program for a period of __14 months__.
  ☑ The cost of electronic monitoring is waived.

☐ The defendant shall make monthly payments on any remaining balance of the:
  ☐ restitution, ☐ fine, ☐ special assessement
  at a rate and schedule recommended by the Probation Department and approved by the Court.

☐ The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer , unless the defendant is in compliance with the payment schedule.

☐ The defendant shall provide the probation officer access to any requested financial information.

☐ The defendant shall participate in a program approved by the Probation Department for mental health counseling.
  ☐ If necessary.

☑ The defendant shall participate in a program approved by the Probation Department for substance abuse, which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol.
  ☐ If necessary.

**Additional Terms of Special Conditions:**

The defendant must serve a "special term" of supervised release of 14 months (in addition to the supervised release term previously ordered of 36 months). During that special term, the defendant must confine himself to his place of residence, except for work, medical appointments, religious services, and purchasing necessities. The defendant will be subject to GPS location monitoring for the first 360 consecutive days of his home confinement. However, if the defendant is in full compliance with his conditions of supervised release, the probation officer, after 180 days, may discontinue GPS location monitoring.

You must submit to substance abuse testing to determine if you have used a prohibited substance.

You must participate in a substance abuse treatment program and follow the rules and regulations of that program, if necessary. The probation officer in consultation with the treatment provider, will supervise your participation in the program (provider,location, modality, duration, intensity, etc.).