UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                      Case Number 17-20716

v.                                                       Honorable David M. Lawson

KELWIN DWAYNE EDWARDS,

        Defendant.
_____/

## ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Kelwin Edwards pleaded guilty to one count of possession with intent to distribute controlled substances. On February 24, 2020, the defendant was sentenced to 57 months in prison, to be followed by three years of supervised release. On August 18, 2020, the Court granted the defendant's motion for compassionate release based on hazards to his health that were posed by continued incarceration during the global pandemic. In an amended judgment, the Court imposed a 14-month special term of supervised release, in lieu of the balance of the custodial sentence, with the condition that he submit to GPS monitoring for at least 180 days and up to 360 days. He commenced supervision on August 8, 2020. Last June, he filed a motion to delete the GPS monitoring condition, which the Court denied. He now moves the Court to terminate his period of supervision early, which otherwise would end on October 24, 2024. The government filed a tardy opposition to the motion on December 16, 2021. The government argues that the defendant has not shown that the current supervised release conditions are unduly burdensome, and his criminal history and conduct while under supervision suggest that further supervision is required to ensure his continued good behavior and facilitate his rehabilitation.

Edwards argues that he is in full compliance with all of his conditions of supervision. He says that he has maintained steady employment and has a stable residence and family life. He wants to pursue a business that would require him to deliver merchandise in other states, and his terms of supervision prohibit that.

After a defendant has served at least one year of a term of supervised release, the Court may order early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making the determination, the Court must consider the factors generally prescribed for imposing a sentence initially under 18 U.S.C. § 3553(a). *Ibid.* Those factors include the nature and circumstances of the offense and history of the defendant, the need for the sentence to provide adequate deterrence, the need to protect the public from further crimes of the defendant, the need to provide the defendant with needed educational or vocational training or other services, the range of sentences provided by the applicable sentencing guideline calculations, policy statements issued by the United States Sentencing Commission, the need to avoid sentencing disparities, and considerations of restitution. *Ibid.*

After evaluating those factors, "a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). Factors include a defendant's "changed circumstances" such as "*exceptionally* good behavior by the defendant" that "render a previously imposed term . . . too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1996) (emphasis added). In contrast, "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release. . . ."

*United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (emphasis added). In short, compliance is expected, not exceptional, behavior. Thus, "unblemished" post-conviction conduct is not "alone . . . sufficient to terminate the supervised release" because, if this were the case, "the exception would swallow the rule." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).

The record does not support Edwards's allegation that he has been in "full compliance" with his supervision terms. The Court's amended judgment authorized the probation officer to discontinue location monitoring after 180 days if the defendant was in "full compliance" with all other terms of supervision. The probation officer did not find it appropriate to discontinue location monitoring at that point in the supervision, and the defendant's earlier motion offered no basis for a conclusion that any request to discontinue the condition unreasonably was refused. In fact, the probation officer confirmed that the defendant violated the terms of his supervision by using marijuana. He also informed the Court that the defendant repeatedly advanced questionable justifications for requests to be permitted to leave his home on errands other than those expressly countenanced by the conditions imposed in the amended judgment. The probation officer indicated that he initially intended to discontinue location monitoring after 180 days, but he decided not to do so after discovering that the defendant had failed to comply with other supervision restrictions, and due to concerns raised by the defendant's repeated requests to leave his residence for questionable and unauthorized excursions.

Moreover, the defendant's crime was serious. He was sentenced to a substantial prison term, which recognized the seriousness of his offense. The Court cut short that term of incarceration because the overriding health concerns of the pandemic amounted to an extraordinary reason to modify the sentence, but an additional term of supervised release was

substituted for the punishment of the prison term. As the Supreme Court explained in *Gall v. United States*, 552 U.S. 38, 48 (2007), supervised release is a form of punishment that involves restrictions on liberty. The defendant has not offered sufficient justification to reduce that punishment.

Accordingly, it is **ORDERED** that the defendant's motion for early termination of supervised release (ECF No. 221) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 17, 2021